V. R. O. K. Co., INC., Plaintiff, *v.* TURIN THEATRE CORPORATION, Defendant and Third-Party Plaintiff. J. J. THEATRES, INC., Third-Party Defendant.

Supreme Court, Special Term, Bronx County, July 1, 1949.

*Charles Segal* for defendant and third-party plaintiff.

*Monroe E. Stein* for third-party defendant.

*Herman S. Rosen* for plaintiff.

NATHAN, J. The cross motion pursuant to rule 113 of the Rules of Civil Practice for summary judgment in favor of defendant is granted. "Gross box office receipts", defined by the parties as "the actual cash paid admissions collected at

the box office '', do not include sums received for Federal admissions tax. It has been held that excise taxes that are passed on to the consumer by way of increase in or addition to the purchase price are included in '' gross sales '' (see *Levy* v. *Forman,* 65 N. Y. S. 2d 505, affd. 271 App. Div. 970, affd. 297 N. Y. 848). Excise taxes being levied on the manufacturer, processor, or vendor, it is clear that excluding them from gross sales would be deducting an item of expense from actual sales. Admission taxes, however, are levied upon the consumer, and are merely collected by the theatre operator for the Government and held as a special fund in trust for the United States (U. S. Code, tit. 26, §§ 1700, 3661; Code of Fed. Reg., Cum. Supp., tit. 26, §§ 101.31, 101.4). Consequently, they cannot be regarded as any part of the '' paid admissions ''.

Settle order on one day's notice.